UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY ALATORRE,<br><br>            Plaintiff,<br><br>v.<br><br>RAYMOND E. MABUS, Secretary, Department of the Navy,<br><br>            Defendant. | Case No. 13cv1702-BAS (DHB)<br><br>**ORDER COMPELLING COMPLIANCE WITH SUBPOENA**<br><br>[ECF No. 41] |

On February 19, 2015, Defendant filed an Application for Order to Show Cause Regarding Subpoenaed Documents from Dr. Susan Trueblood. (ECF No. 41.) Defendant argues Dr. Trueblood has failed to comply with a subpoena issued on November 10, 2014. On March 6, 2015, Dr. Trueblood filed a response. (ECF No. 53.) Having reviewed the parties' submissions and supporting exhibits, the Court hereby orders Dr. Trueblood to comply with the subpoena, as outlined below.

**I. BACKGROUND**

On June 22, 2013, Plaintiff filed this action alleging claims for sexual harassment and retaliation. (ECF No. 1.) In June 2014, Plaintiff testified at her deposition that she was treated by Dr. Susan Trueblood for emotional distress related to the alleged sexual harassment. (ECF No. 41-3 at 2-8.) Following Plaintiff's deposition, Defendant served a subpoena on Dr. Trueblood seeking records relating to Plaintiff. (*Id.* at 10-15.) In response,

Dr. Trueblood produced progress notes, and a declaration indicating no documents had been withheld. (*Id.* at 15; ECF No. 45.)

On July 18, 2014, Plaintiff designated Dr. Trueblood as a non-retained expert witness, and indicated that Dr. Trueblood would testify about the contents of her medical records and notes, and her counseling and treatment of Plaintiff. (ECF No. 41-3 at 18-24.) Thereafter, on November 10, 2014, Defendant noticed the deposition of Dr. Trueblood. (*Id.* at 26-33.) The November 10, 2014 deposition subpoena also requested documents from Dr. Trueblood concerning her treatment of Plaintiff. (*Id.*) At her deposition, Dr. Trueblood produced additional documents in response to the subpoena, including a Client Information Form dated February 2012. (ECF No. 45.) Dr. Trueblood testified that she had not withheld any responsive documents based upon privilege or any other ground. (ECF No. 41-3 at 41.) When later questioned about the February 2012 Client Information Form, Dr. Trueblood stated that it was actually created in the summer of 2014. (ECF No. 41-3 at 59-60.) Dr. Trueblood admitted that Plaintiff's original Client Information Form Plaintiff was in another file, which had not been produced. (*Id.* at 60.) Dr. Trueblood stated she did not produce the original Client Information Form because it contained information regarding a second patient, who had attended joint therapy sessions with Plaintiff. (*Id.*) Dr. Trueblood also admitted that there were additional session notes from the conjoint sessions that had not been produced. (*Id.* at 62.)

On February 19, 2015, Defendant filed the instant motion. Defendant argues Dr. Trueblood failed to produce all documents responsive to the subpoena. Defendant contends Dr. Trueblood waived any objections to the subpoena by not serving a timely objection, and that it is too late for her to assert objections now, including an objection based on the psychotherapist-patient privilege. In response, Dr. Trueblood states that at the time she responded to the subpoena, she was not represented by counsel, and believed in good faith that the conjoint session notes and original Client Information Form were beyond the scope of the requests for production. She further argues that the withheld documents are protected from disclosure by the other patient's psychotherapist-patient privilege, and the other patient

has not waived the privilege.

## II. DISCUSSION

1.  Legal Standards

Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The relevance standard is commonly recognized as one that is necessarily broad in scope in order "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). Rule 45 governs subpoenas duces tecum for the production of documents that are in the possession of persons who are not parties. Fed. R. Civ. P. 45. Subpoenas under Rule 45 are subject to the relevance requirements set forth in Rule 26.

However broadly defined, relevancy is not without "ultimate and necessary boundaries." *Hickman*, 329 U.S. at 507. Rule 26 permits a court, for good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place for the disclosure or discovery; [and] . . . (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1). *See also Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct. S. Dist. Iowa*, 482 U.S. 522, 566 (1987) (stating under Rule 26, "[a] court may 'make any order which justice requires' to limit discovery, including an order permitting discovery only on specified terms and conditions, by a particular discovery method, or with limitation in scope to certain matters.").

The psychotherapist-patient privilege is recognized under federal law. *Jaffe v. Redmond*, 518 U.S. 1, 15 (1996) (holding "that confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence."). Like other privileges, "the patient may of course waive the protection." *Id.* at 15 n. 14. However,

*Jaffee* did not address all the contours of the privilege. *Id.* at 18.

### 2. Production of the Joint Session Notes and Original Client Information Form

First, the Court finds the withheld documents are responsive to Defendant's November 10, 2014 subpoena. The subpoena requested among other things: "[a]ll patient intake forms relating to CATHY ALATORRE," "[a]ll documents relating to any group meeting, appointments, and counseling/therapy sessions with CATHY ALATORRE," and "[a]ll progress notes relating to any counseling/therapy session with CATHY ALATORRE." (ECF No. 41-3 at 30-31.) Dr. Trueblood states that prior to providing individual therapy to Plaintiff in early 2012, she saw Plaintiff and another individual for four (4) conjoint therapy sessions. (ECF No. 53-1 at ¶ 3.) Dr. Trueblood testified that she has maintained the file from the joint therapy, and it contains session notes from the conjoint sessions, as well as Plaintiff's original Client Information Form. (ECF No. 41-3 at 60-62.) Because Plaintiff participated in the conjoint sessions, the session notes are responsive to the requests for all documents relating to "any counseling/therapy session" with Plaintiff, even if they also contain information relating to the other individual.

With regard to the initial Client Information Form, Dr. Trueblood argues that other than the backdated Client Information Form Plaintiff filled out in 2014, "[t]here is no other Client Information Form completed in plaintiff's hand." (ECF No. 53 at 5.) Regardless of whether Plaintiff, the other patient, or some other individual physically filled in the form, any patient information form that was completed for the purpose of Plaintiff obtaining treatment from Dr. Trueblood (whether for conjoint therapy or individual therapy) is related to Plaintiff. Accordingly, the Court finds the original Client Information Form, that Dr. Trueblood testified is in her files, is responsive to Defendant's subpoena.

Next, the Court finds that any confidential communications between Dr. Trueblood and the other patient clearly fall within the ambit of the psychotherapist-patient privilege. Defendant argues Dr. Trueblood has waived any objections, including an objection based on the psychotherapist-patient privilege, by not serving a timely objection to the subpoena. The Court has found no prior case addressing a situation analogous to the one presented here,

where it is argued the psychotherapist waived the privilege without the consent of the patient by not asserting it in response to a subpoena. However, in recognition of the policy considerations supporting the privilege, including the general recognition that the privilege should be applied liberally in favor of the patient,[1] the Court declines to hold that Dr. Trueblood waived the privilege under the facts and circumstances of this case.

Defendant further argues that Dr. Trueblood has interpreted the privilege too broadly by refusing to disclose the identity of the other patient. Generally, "the identity of a patient or the fact and time of his treatment does not fall within the scope of the psychotherapist-patient privilege." *In re Zuniga*, 714 F.2d 632, 640 (6th Cir.1983); . However, "[j]ust as the recognition of privileges must be undertaken on a case-by-case basis, so too must the scope of the privilege be considered." *Id.* (citing *Upjohn Co. v. United States*, 449 U.S. 383, 396-97 (1981)). The appropriate scope of a privilege "is determined by balancing the interest protected by shielding the evidence sought with those advanced by disclosure." *Id.* at 639. Here, the other patient is not a party to this action and has not placed his or her mental health or psychiatric history in issue. Defendant has not made any showing that the identity of the other patient, or the content of his or her communications with Dr. Trueblood are relevant. As a result, in this case and under these circumstances, the Court finds that the identity of the other patient is irrelevant and need not be disclosed to Defendant.

Nevertheless, the conjoint therapy notes and original Client Information Form likely contain relevant information relating to Plaintiff. Therefore, the Court finds it is appropriate to order production under a protective order. To the extent the documents contain information relating to Plaintiff, the Court will order redacted copies of the documents to be produced to Defendant. In order to assess whether the documents contain relevant information relating to Plaintiff, and whether the documents can be appropriately redacted

---

[1] As recognized by the United States Supreme Court, the privilege is "rooted in the imperative need for confidence and trust" and "the mere possibility of disclosure may impede development of the confidential relationship necessary for successful treatment." *Jaffe* 518 U.S. at 10-11. *See also In re Lifschutz*, 2 Cal. 3d 415, 422 (Cal. 1970) (stating that "a broad, protective psychotherapist-patient privilege" promotes "an environment of confidentiality of treatment [that] is vitally important to the successful operation of psychotherapy").

to protect the confidentiality of the other patient, the Court will require Dr. Trueblood to produce the records to the Court for *in camera* review.

Accordingly, the Court directs Dr. Trueblood to provide two sets of the documents to the Court. One set shall contain complete, unredacted copies of the conjoint session notes and the original Client Information Form. On the second set, Dr. Trueblood shall redact the documents so that they do not reveal the name or any confidential communications of the other patient. However, any information related to Plaintiff is not to be redacted. Upon receipt of the foregoing, the Court will determine whether Dr. Trueblood's proposed redactions are appropriate and whether and to what extent the redacted documents should be produced to Defendant.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1. Dr. Trueblood is **ORDERED** to comply with the November 10, 2014 subpoena issued by Defendant. Dr. Trueblood shall produce redacted and unredacted copies of the conjoint session notes and original Client Information Form, as outlined above, directly to the Court for *in camera* review by **April 20, 2015**.
2. The documents may be submitted via mail to: Magistrate Judge Bartick's Chambers at the United States District Court for the Southern District of California, 333 West Broadway, Suite 1080, San Diego, CA, 92101; or via email to: efile_Bartick@casd.uscourts.gov.
3. Defendant shall serve a copy of this order on Dr. Trueblood no later than **April 9, 2015**.

**IT IS SO ORDERED.**

DATED: April 8, 2015

DAVID H. BARTICK
United States Magistrate Judge